**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JAMES WYMER,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **V.** : | |
| : | **NO. 5:24-cv-00055-MTT-MSH** |
| **JOHN OR JANE DOE,** : | |
| : | |
| **Defendant.** : | |
| : | |
| _____ : | |

## <u>ORDER</u>

Plaintiff James Wymer, a detainee in the Fulton County Jail in Atlanta, Georgia, filed a handwritten document in the Northern District of Georgia, which was docketed as a 42 U.S.C. § 1983 civil rights complaint.  Compl., ECF No. 1.  When Plaintiff filed the complaint, he was being confined in Central State Prison in Macon, Georgia, and his allegations in the filing related to his confinement in that facility.  *See id.*  As a result, the United States District Court for the Northern District of Georgia transferred Plaintiff's case to this Court.  Order, ECF No. 4.

As an initial matter, Plaintiff has not either paid the $405.00 filing fee for a civil rights action or moved for leave to proceed *in forma pauperis*.  Therefore, Plaintiff is now **ORDERED** to either pay the full filing fee or file a proper and complete motion to proceed in this case *in forma pauperis*.  In this regard, a prisoner seeking to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(1)-(2).  Plaintiff must submit this required documentation if he is seeking to

proceed without prepayment of the full filing fee.

Additionally, Plaintiff did not file his complaint on the form for a 42 U.S.C. § 1983 prisoner complaint.   Accordingly, Plaintiff is now **ORDERED** to recast his complaint if he wants to proceed with this action.    In his recast complaint, Plaintiff shall clearly identify those individuals he wishes to include as defendants in this case.   Plaintiff must then set forth specific allegations regarding what the defendants did or did not do to violate his constitutional rights.   With regard to each defendant, Plaintiff must connect that defendant to an alleged constitutional violation.   If he does not, Plaintiff's claims against that defendant will be subject to dismissal.   Likewise, if Plaintiff asserts a constitutional violation, but does not identify a named defendant as being involved with that violation, that claim will also be subject to dismissal.

The recast complaint will take the place of and supersede the initial complaint. Thus, the Court will not look back to the original complaint to determine whether Plaintiff has stated a claim for relief, and Plaintiff should therefore take care to include all relevant factual allegations for any claims that he wishes to raise in his recast complaint.

Therefore, as set forth above, Plaintiff is now **ORDERED** to either pay the $405.00 filing fee or file a proper and complete motion to proceed *in forma pauperis*.   Plaintiff is also **ORDERED** to recast his complaint on the proper form consistent with the instructions herein.   Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to take these actions.   Additionally, while this case is pending, Plaintiff must promptly inform the Court in writing as to any change in his mailing address.   Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this case.

2

The **CLERK** is **DIRECTED** to forward Plaintiff a blank § 1983 complaint form and a motion to proceed *in forma pauperis*, with the appropriate account certification form, along with his service copy of this order (with the civil action number showing on all). There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 28th day of February, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE